UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARRI WILLIAMS,<br><br>               Petitioner,<br><br>     v.<br><br>JO WOFFORD,<br><br>               Respondent. | Case No. C20-1477-RSL<br><br>ORDER DISMISSING FEDERAL HABEAS ACTION |

    The Court, having carefully reviewed petitioner Carri Williams' petition for writ of habeas corpus, respondent Jo Wofford's answer to the petition, petitioner's response to respondent's answer, respondent's reply, the lengthy and detailed Report and Recommendation of United States Magistrate Judge Michelle L. Peterson, petitioner's objections thereto, respondent's response to petitioner's objections, and the remainder of the record, hereby finds and ORDERS:

    (1)    The Report and Recommendation (Dkt. # 29) is ADOPTED as MODIFIED by this Order. The Court agrees with Judge Peterson and commends her for the thorough consideration she gave this difficult case.

    (2)    Petitioner's petition for writ of habeas corpus (Dkt. #1) is DENIED, and this action is DISMISSED with prejudice.

    (3)    In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is GRANTED IN PART:

1       (a)    *Ground One – Right to Present a Defense*:  A certificate of appealability is
2 DENIED.  The Ninth Circuit's opinion in Moses v. Payne, 555 F.3d 742 (9th Cir. 2009), further
3 forecloses petitioner's argument on this issue.  In that case, the Ninth Circuit explained:

> [T]he Supreme Court's cases have focused only on whether an evidentiary rule, by its own terms, violated a defendant's right to present evidence. These cases do not squarely address whether a court's exercise of discretion to exclude expert testimony violates a criminal defendant's constitutional right to present relevant evidence . . . Nor do they clearly establish "a controlling legal standard" for evaluating discretionary decisions to exclude the kind of evidence at issue here.

Moses, 555 F.3d at 758-59 (citing Wright v. Van Patten, 552 U.S. 120, 124-25 (2008); Panetti v. Quarterman, 551 U.S. 930, 952-53 (2007)).  This reasoning applies here.

      (b)    *Grounds Five and Six – Constitutionality of the Homicide by Abuse Statute*:
As to petitioner's as-applied challenge, a certificate of appealability is DENIED.  As to petitioner's facial challenge, a certificate of appealability is GRANTED.  The Court agrees with Judge Peterson that Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc., 455 U.S. 489 (1982), instructs analysis of petitioner's facial challenge as an as-applied challenge because the statute at issue does not regulate First Amendment conduct.  However, the Court recognizes that the state of the law is murky following the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), and concludes that jurists of reason could disagree with the resolution of this constitutional claim.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

      (c)    As to all other issues, a certificate of appealability is DENIED.

   (4)    The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable Michelle L. Peterson.

DATED this 11th day of July, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DISMISSING FEDERAL
HABEAS ACTION - 2